# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAMAR PRESSLEY, Booking No. 17105071, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO SHERIFF CENTRAL COUNTY JAIL; M. PACHECO, Deputy; M. MARTINEZ, Deputy, <br><br> Defendants. | Case No.: 3:17-cv-01715-MMA-MDD <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** <br><br> **2) DISMISSING DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** <br><br> **AND** <br><br> **3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT M. PACHECO PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

MICHAEL LAMAR PRESSLEY ("Plaintiff"), proceeding pro se and while detained at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF"), has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1),

and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## Background

Plaintiff claims the "San Diego Sheriff Central County Jail" and two Sheriff's Department Deputies, M. Pacheco and M. Martinez, violated his right to be free from "cruel and unusual punishment" while he was detained there in April 2017. *See* Doc. No. 1 at 1-3, 6-7. Specifically, Plaintiff claims Martinez allowed two other inmates to enter his cell on April 5, 2017, and left them unsupervised while they threw away all of his "store, personal property, pictures" and "legal papers" related to his criminal defense strategy. *Id.* at 6-7. Approximately two weeks later, on April 16 or 17, 2017, Plaintiff claims Pacheco used excessive force against him after he requested a grievance in order to complain about his bunk assignment. Plaintiff contends Pacheco "pepper sprayed [him]" through his tray slot "as [he] was getting cuffed up, with [his] hands behind [his] back." *Id.* at 3. Plaintiff further alleges Pacheco "was informed that [he] was allergic" to "chemical spray," and that he suffered a "grandma [sic] seizure," which left him in a coma and "on life support" for seven days as a result of the incident. *Id.* at 3-4. He seeks $10 million in general and punitive damages. *Id.* at 10.

## Discussion

### A. IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

§ 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate authorized by a San Diego Central Jail ("SDCJ") Sergeant attesting to his trust account activity. *See* Doc. No. 2 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows Plaintiff has had no monthly deposits to his account, carried an average monthly balance of $.05 over the six month period preceding the filing of his Complaint, and had only $.32 on the books at the time of filing. *See* Doc. No. 2 at 5.

Based on this accounting, the Court finds Plaintiff is "unable to pay" any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1) at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S.

Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact any initial filing fee because his SDCJ certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Watch Commander of GBDF, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

## B. Screening of Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## C.    42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## D.    Improper Defendant

As an initial matter, the Court finds that to the extent Plaintiff includes the "San Diego Sheriff Central County Jail" as a Defendant in the caption of his Complaint, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. A local law enforcement department (like the San Diego County Sheriff's Department or its Central Jail) is not a proper defendant under § 1983.  *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*,

814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

To the extent Plaintiff intends to assert a claim against the County of San Diego itself, his allegations are insufficient. A municipal entity is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

**E.    Property Claims – Defendant Martinez**

Next, to the extent Plaintiff claims Deputy Martinez imposed "cruel and unusual punishment" upon him by allowing other inmates to enter his cell and destroy his personal property, he also fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1).

Because Plaintiff admits his criminal proceedings were still ongoing at the time Martinez allegedly permitted other inmates to enter his cell on April 5, 2017, *see* Doc. No. 1 at 6, the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's prohibition of cruel and unusual punishments, governs Plaintiff's claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Redman v. County of San Diego*, 942 F.2d 1435, 1440 n.7 (9th Cir. 1991) (en banc) ("[W]hile the eighth amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the fourteenth amendment proscribes any punishment of pretrial detainees."), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014).

///

The Due Process Clause protects against deprivations of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The United States Supreme Court has also held, however, that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California's tort claim process provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also Teahan v. Wilhelm,* 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); *Blackshire v. Sacramento Cty. Sheriff*, No. 2:16-CV-2537-EFB P, 2017 WL 3284385, at *3 (E.D. Cal. Aug. 2, 2017) (sua sponte dismissing pretrial detainee's property deprivation claims pursuant to 28 U.S.C. § 1915A(b)).

## F.    Excessive Force Claims – Defendant Pacheco

Finally, however, the Court finds Plaintiff's excessive force allegations against Deputy M. Pacheco are sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). While it is not clear whether Plaintiff remained a pretrial detainee or had been convicted and was awaiting sentence at the time he claims Pacheco employed pepper spray against him on April 16 or 17, 2017, his Complaint contains factual allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) ("[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment.") (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under *Kingsley*, a pretrial detainee, unlike a convicted prisoner, need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is "solely ... objective." *Id.* at 2473; *Austin v. Baker*, 616 F. App'x 365, 366 (9th Cir. 2015); *see also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison

7

officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

Therefore, the Court will order the U.S. Marshal to effect service upon Defendant Pacheco on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## Conclusion and Orders

Good cause appearing, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2);

2.    **DIRECTS** the Secretary of the Watch Commander of GBDF, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on the Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158.

4.    **DISMISSES** Defendants San Diego Sheriff Central County Jail and Deputy M. Martinez sua sponte based on Plaintiff's failure to state a claim against them and **DIRECTS** the Clerk to terminate these defendants as parties to this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

///

///

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendant M. Pacheco and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Pacheco. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve them upon Defendant Pacheco. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, *include an address where Defendant Pacheco may be served*, *see* S.D. CAL. CIVLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Pacheco as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

7. **ORDERS** Defendant Pacheco, once served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant Pacheco, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendant or his counsel, and the date of that service. *See* S.D. CAL. CIVLR

9

5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded.

IT IS SO ORDERED.

DATE: November 1, 2017

HON. MICHAEL M. ANELLO
United States District Judge

3:17-cv-01715-MMA-MDD