**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL LAMAR PRESSLEY,<br><br>Plaintiff,<br><br>vs.<br><br>M. PACHECO,<br><br>Defendant. | Case No. 17cv1715-MMA (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PACHECO'S MOTION TO DISMISS**<br><br>[Doc. No. 20] |

Plaintiff Michael Lamar Pressley, proceeding *pro se* and *in forma pauperis*, has filed a First Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendant Pacheco.[1] *See* Doc. No. 14. Defendant Pacheco moves to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(6). *See* Doc. No. 20. Plaintiff filed a response in opposition to the motion, to which Defendant Pacheco

---

[1] In his amended complaint, Plaintiff also added a new defendant, Sheriff William Gore, and re-alleged the previously dismissed claims against Defendant Martinez. Plaintiff's claims against Defendant Gore do not survive screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and the claims against Defendant Martinez remain dismissed.

1

replied.[2]  *See* Doc. Nos. 32, 34.  For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Pacheco's motion to dismiss.

## **BACKGROUND**[3]

This action arises out of events occurring on April 13, 2017 during Plaintiff's temporary detention at the San Diego County Sheriff Department's George Bailey Detention Facility.[4]  Plaintiff claims Defendant Pacheco used excessive force against him after he requested a grievance in order to complain about his cell assignment.  Plaintiff contends Pacheco "pepper sprayed [him]" through his tray slot "as [he] was getting cuffed up, with [his] hands behind [his] back."  FAC at 3.  Plaintiff further alleges Pacheco "was informed that [he] was allergic" to "chemical spray," and that he suffered a "grandma [sic] seizure," which left him in a coma and "on life support" for seven days as a result of the incident.  *Id*. at 3-4.

Plaintiff initially filed this action on August 23, 2017.  *See* Doc. No. 1.  He filed his first amended complaint on April 4, 2018.  *See* Doc. No. 14.  On February 23, 2019, the Court ordered Plaintiff to show cause why it should not dismiss the action based on Plaintiff's failure to serve Defendant Pacheco with the summons and amended complaint.  *See* Doc. No. 15.  Plaintiff responded to the order, and on March 11, 2019, the Court granted Plaintiff an extension of time in which to serve Pacheco.  *See* Doc. Nos. 16, 17.  Specifically, the Court ordered Plaintiff to effectuate service of the summons and his

---

[2] Plaintiff previously sought leave to file a second amended complaint for purposes of clarifying his claims and adding several defendants.  *See* Doc. No. 25.  The Court deferred ruling on Plaintiff's request pending consideration of Defendant Pacheco's motion to dismiss.  *See* Doc. No. 30.

[3] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[4] Plaintiff's First Amended Complaint includes factual allegations regarding incidents occurring on additional dates in April 2017.  Defendant Pacheco correctly observes that Plaintiff does not allege Pacheco's involvement in any of these other incidents, a point which Plaintiff does not contest.  Accordingly, Plaintiff's claims against Pacheco are based solely on the events occurring on April 13, 2017.

amended complaint within ninety days. *See* Doc. No. 17 at 2. Plaintiff served Defendant Pacheco with the summons and amended complaint on June 23, 2019. *See* Doc. No. 19. Thereafter, Pacheco filed the instant motion to dismiss. *See* Doc. No. 20.

## **LEGAL STANDARD**

### *1. Federal Rule of Civil Procedure 4(m)*

A defendant may move to dismiss based on the plaintiff's failure to timely serve the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). Federal Rule of Civil Procedure 4(m) addresses the time limit for service and provides in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule "encourages efficient litigation by minimizing the time between commencement of an action and service of process." *Electric Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)). "Substantial compliance" with Rule 4 is required in order to uphold service of process, even when a defendant has received actual notice. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). As relevant here, substantial compliance has been found where service was completed very close to the deadline. *See, e.g., Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (service 121 days after filing of the complaint constituted "substantial compliance" with Rule 4(m)).

### *2. Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard

thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987)).

## DISCUSSION

### 1. Failure to Timely Serve

Defendant Pacheco moves to dismiss this action on the grounds that Plaintiff failed to effectuate timely service of the summons and complaint. On March 11, 2019, the Court ordered Plaintiff to serve Pacheco within ninety days. *See* Doc. No. 17. As

4

Pacheco notes, the record reflects that he was not served until June 23, 2019, approximately two-weeks beyond the ninety-day time limit. *See* Doc. No. 19. However, a review of the summons indicates that Plaintiff provided the U.S. Marshal Service with the necessary information on or before May 29, 2019, prior to the expiration of the ninety-day time limit. *See id.*

The Court declines to dismiss this action based on a two-week delay in service when that delay was not clearly Plaintiff's fault, particularly since courts "are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved," *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984), and "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967).

Accordingly, the Court **DENIES** Defendant Pacheco's motion to dismiss based on Plaintiff's failure to effectuate timely service of the summons and complaint.

### 2. Failure to State a Claim

a) Excessive Force

Plaintiff brings Eighth and Fourteenth Amendment claims against Defendant Pacheco arising out of Pacheco's alleged use of excessive force.

*i. Eighth Amendment*

Pacheco moves to dismiss Plaintiff's Eighth Amendment claim based on Plaintiff's allegation that he was a pretrial detainee at the time of the events in question. Plaintiff responds that he was both a pretrial detainee and a convicted felon (and therefore a prisoner) at the time of the incident. Plaintiff asserts that he was serving time for a convicted parole violation while simultaneously awaiting disposition of an additional charge.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment."

5

*Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). When officers use excessive force against pretrial detainees, they violate the detainees' Fourteenth Amendment right to be free from unlawful force. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1440 & n.7 (9th Cir. 1991), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Kingsley v. Hendrickson*, 576 U.S. , 135 S. Ct. 2466, 2475 (2015) (distinguishing excessive force claims brought by pretrial detainees under the Fourteenth Amendment from those brought by convicted prisoners under the Eighth Amendment). The specific right at issue matters, because unlike the Eighth Amendment, the Fourteenth Amendment does not require a plaintiff to prove a defendant's state of mind. *Kingsley*, 135 S. Ct. at 2472-73.

Plaintiff alleges in his First Amended Complaint that he was a pretrial detainee in April 2017. Accordingly, he currently pleads himself out of a viable Eighth Amendment claim. However, Plaintiff has provided additional factual allegations in his response brief which indicate he may be able to amend his allegations to allege a plausible Eighth Amendment claim based on his status as a convicted felon at the relevant time.

Accordingly, the Court **GRANTS** Defendant Pacheco's motion to dismiss Plaintiff's Eighth Amendment claim without prejudice and with leave to amend.

  *ii.*  *Fourteenth Amendment*

Although he does not move to dismiss the claim in its entirety, Defendant Pacheco raises several objections to the adequacy of Plaintiff's allegations in support of his Fourteenth Amendment claim. Pacheco argues that to the extent Plaintiff's claim relies on allegations of verbal abuse or unintentional acts, such as Pacheco dropping him, Plaintiff fails to state an actionable claim.

Defendant Pacheco is correct that allegations of verbal abuse and harassment, absent any physical force, are not cognizable excessive force claims under section 1983. *See, e.g.*, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("'[V]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'") (quoting *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).

However, Plaintiff clearly alleges that a physical attack and resulting injury accompanied the purported verbal abuse. In evaluating an excessive force claim, the appropriateness of the use of force must be determined by the facts and circumstances of each case. *See Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988). And in the event Plaintiff amends his pleading to state a plausible Eighth Amendment claim, Defendant Pacheco's alleged verbal abuse may be probative of whether force was applied maliciously or sadistically. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Pacheco also argues that Plaintiff's allegations regarding Pacheco dropping him are not actionable because Plaintiff fails to allege that any such act was intentional. Plaintiff responds by arguing that Pacheco dropped him with the intent to cause harm. However, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Id.* This precludes consideration of Plaintiff's new allegations for purposes of ruling on the instant motion. Nevertheless, Plaintiff will be given an opportunity to file a second amended complaint in which he may include additional allegations regarding Pacheco's intentional act of dropping him.

b) <u>Due Process</u>

Plaintiff alleges that as a result of Defendant Pacheco's actions, he was unable to continue representing himself in violation of his Fourteenth Amendment due process rights. Pacheco argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars the claim. In the alternative, Pacheco contends that Plaintiff does not state a plausible claim based on his failure to allege actual injury as a result of the purported constitutional violation.

Under the Sixth and Fourteenth Amendments, an individual may represent oneself during criminal proceedings. *See Faretta v. California*, 422 U.S. 806, 807 (1975); *see also Indiana v. Edwards*, 554 U.S. 164, 170 (2008) ("The Court's foundational 'self-representation' case, *Faretta*, held that the Sixth and Fourteenth Amendments include a

'constitutional right to proceed *without* counsel when' a criminal defendant 'voluntarily and intelligently elects to do so.'") (quoting *Faretta*, 422 U.S. at 807) (emphasis in original)). Allegations of interference with a pretrial detainee's attempt to prepare his defense may give rise to a cognizable claim for relief under § 1983. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1047-48 (9th Cir. 1989). However, a plaintiff must actual allege injury as a result of the deprivation and in this case, Plaintiff has failed to do so. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Moreover, in *Heck v. Humphrey*, the Supreme Court held that if a favorable judgment on a claim in a civil rights action would necessarily imply the invalidity of the plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. 512 U.S. at 486-87. Here, Plaintiff does not allege that his underlying conviction or sentence has been invalidated. And a finding that Plaintiff was convicted in violation of his right to self-representation would necessarily imply the invalidity of that conviction. Accordingly, Plaintiff's claim is subject to dismissal. *See, e.g.*, *Trudeau v. Warden*, No. 13CV1691, 2014 U.S. Dist. LEXIS 148138, 2014 WL 5325339, at *3 (E.D. Cal. Oct. 17, 2014) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation in part because "once convicted, Plaintiff's claim is subject to dismissal pursuant to *Heck.*"); *Way v. 20 Unknown Emps.*, No. 12CV357, 2013 U.S. Dist. LEXIS 27168, 2013 WL 752257, at *5 (E.D. Cal. Feb. 27, 2013) (dismissing plaintiff's claim based on violation of Sixth Amendment right to self-representation because he "cannot state a claim under section 1983 until his conviction or sentence has been invalidated."); *Jenkins v. Bartley*, No. CIV S-05-358, 2008 U.S. Dist. LEXIS 75846, at *15 (E.D. Cal. Aug. 28, 2008) ("If this court were to find that plaintiff was prevented from asserting his *Faretta* right to self-representation or to challenge some phase of the prosecution through a pretrial habeas petition, that finding would necessarily imply the invalidity of the underlying conviction."). Plaintiff may amend this claim, but only if he can allege, in good faith, that his conviction or sentence has been invalidated.

c) Injunctive Relief

Defendant Pacheco also moves to dismiss Plaintiff's claim for permanent injunctive relief. Pacheco argues that Plaintiff's transfer to a different facility renders his claim moot. Pacheco is correct. Where a prisoner challenges conditions of confinement and seeks equitable relief, the prisoner's transfer to another prison renders requests for declaratory and injunctive relief moot absent some evidence of an expectation of being transferred back. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975) (holding transfer to another prison moots § 1983 claims for declaratory and injunctive relief brought against defendants employed by transferor prison); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (same as to § 1983 claim for injunctive relief).

Plaintiff's claims arise out of events occurring at George Bailey Detention Facility involving Defendant Pacheco. Plaintiff has since been transferred to Richard J. Donovan Correctional Facility. Plaintiff does not allege that he reasonably expects to be transferred back to George Bailey Detention Facility.

Accordingly, the Court **GRANTS** Defendant Pacheco's motion to dismiss Plaintiff's claim for injunctive relief.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Pacheco's motion to dismiss. The Court grants Plaintiff leave to file a second amended complaint curing the deficiencies noted herein with respect to his claims against Defendant Pacheco, on or before **February 14, 2020**.

**IT IS SO ORDERED**.

DATE: January 9, 2020

HON. MICHAEL M. ANELLO
United States District Judge