1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11

MICHAEL LAMAR PRESSLEY,

Case No. 17cv1715-MMA (MDD)

12

Plaintiff,

13

vs.

**ORDER DENYING DEFENDANT PACHECO'S MOTION TO DISMISS PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM**

14

15

M. PACHECO,

16

Defendant.

[Doc. No. 42]

17

18

19

20

21

22      Plaintiff Michael Lamar Pressley, proceeding *pro se* and *in forma pauperis*, has

23   filed a Second Amended Complaint ("SAC") pursuant to 42 U.S.C. § 1983 alleging

24   violations of his Eighth and Fourteenth Amendment rights. *See* Doc. No. 41. Defendant

25   Pacheco moves to dismiss Plaintiff's Fourteenth Amendment claim pursuant to Federal

26   Rule of Civil Procedure 12(b)(6). *See* Doc. No. 42. Plaintiff filed a response in

27   opposition to the motion, to which Defendant Pacheco replied. *See* Doc. Nos. 48, 50.

28   For the reasons set forth below, the Court **DENIES** Defendant Pacheco's motion.

1

**BACKGROUND**[1]

2       This action arises out of events occurring on April 13, 2017 during Plaintiff's

3   temporary detention at the San Diego County Sheriff Department's George Bailey

4   Detention Facility.  At that time, Plaintiff alleges he was a "convicted parolee serving an

5   [sic] violation on the Fourth Floor."  SAC at 3.[2]  Plaintiff states he was also a "pretrial

6   detainee, not yet convicted of the charge" for which he is now incarcerated.  *Id*.

7       Plaintiff claims Defendant Pacheco used excessive force against him after he

8   requested a grievance in order to complain about his cell assignment.  Plaintiff contends

9   Pacheco "pepper sprayed" him without provocation and despite knowing that Plaintiff is

10  allergic to the chemical agent contained in pepper spray.  SAC at 5.  Plaintiff further

11  alleges Pacheco cut off the water in his cell so that he could not rinse off the chemical

12  agent, cuffed him, and slammed his head into the concrete floor.  Plaintiff alleges that

13  Pacheco slammed his head into the wall, causing dizziness, and then dropped Plaintiff on

14  the floor.  Plaintiff alleges that he was in a coma for six days.

15      Based on these allegations, Plaintiff brings excessive force claims against

16  Defendant Pacheco pursuant to the Eighth and Fourteenth Amendments.  Plaintiff points

17  to his purportedly dual status as both a pretrial detainee and convicted prisoner and

18  argues that he is entitled to the protections of both the Eighth Amendment's Cruel and

19  Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause.

20  Pacheco moves to dismiss Plaintiff's Fourteenth Amendment claim pursuant to Federal

21  Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff was a convicted prisoner at

22  the time of the incident.  Pacheco argues that as a convicted prisoner, Plaintiff's excessive

23

24

25

26  [1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp*., 425 U.S. 738, 740 (1976).

27

28  [2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1    force claim arises under the Eighth Amendment.[3]

2    **LEGAL STANDARD**

3    A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

4    sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A

5    pleading must contain "a short and plain statement of the claim showing that the pleader

6    is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead

7    "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P.

8    12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard

9    thus demands more than a formulaic recitation of the elements of a cause of action, or

10    naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S.

11    662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts

12    sufficient to give fair notice and to enable the opposing party to defend itself effectively."

13    *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

14    In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth

15    of all factual allegations and must construe them in the light most favorable to the

16    nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.

17    1996). The court need not take legal conclusions as true merely because they are cast in

18    the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.

19    1987). Similarly, "conclusory allegations of law and unwarranted inferences are not

20    sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.

21    1998).

22    When the plaintiff is appearing *pro se*, the court must construe the pleadings

23    liberally and afford the plaintiff any benefit of the doubt. *See Thompson v. Davis*, 295

24    F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621,

25    623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the

26

27    _____

28    [3] Pacheco does not move to dismiss Plaintiff's Eighth Amendment claim.

3

1  court is not permitted to "supply essential elements of the claim that were not initially

2  pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3  **DISCUSSION**

4        Plaintiff brings Eighth and Fourteenth Amendment claims against Defendant

5  Pacheco arising out of Pacheco's alleged use of excessive force.  Pacheco moves to

6  dismiss Plaintiff's Fourteenth Amendment claim based on Plaintiff's allegation that he

7  was a convicted prisoner at the time of the incident.

8        "When prison officials use excessive force against prisoners, they violate the

9  inmates' Eighth Amendment right to be free from cruel and unusual punishment."

10  *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002).  When officers use excessive force

11  against pretrial detainees, they violate the detainees' Fourteenth Amendment right to be

12  free from unlawful force.  *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1440 & n.7

13  (9th Cir. 1991), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994);

14  *see also Kingsley v. Hendrickson*, 576 U.S.    , 135 S. Ct. 2466, 2475 (2015)

15  (distinguishing excessive force claims brought by pretrial detainees under the Fourteenth

16  Amendment from those brought by convicted prisoners under the Eighth Amendment).

17  The specific right at issue matters, because unlike the Eighth Amendment, the Fourteenth

18  Amendment does not require a plaintiff to prove a defendant's state of mind.  *Kingsley*,

19  135 S. Ct. at 2472-73.

20        Defendant Pacheco points to Plaintiff's allegation that he was a convicted prisoner

21  as decisive of Plaintiff's status at the time of the events in question.  However, the matter

22  is not so easily settled.  There appears to be a split of authority as to whether a parolee in

23  custody on new criminal charges is entitled to the protections of the Fourteenth

24  Amendment or the Eighth Amendment.  *See Dannebaum v. Cty. of San Diego*, 2016 WL

25  2931114 at *2–3 (S.D. Cal. 2016) (recognizing lack of consensus as to which standard

26  applies to a pretrial parolee detainee and citing cases).  Meanwhile, Plaintiff claims that

27  he was *both* a convicted prisoner and a pretrial detainee and is therefore entitled to bring

28  claims under *both* the Eighth and Fourteenth Amendments.

4

1        After reviewing the relevant case law, the Court declines to determine at this

2 stage of the litigation that Plaintiff is legally precluded from asserting a Fourteenth

3 Amendment claim.  It is a matter better suited to determination on a more fully developed

4 record.  Moreover, Plaintiff "may plead alternative theories of liability, even if those

5 theories are inconsistent or independently sufficient."  *Cellars v. Pac. Coast Packaging,*

6 *Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (citing Fed. R. Civ. P. 8(e)(2)).  And, of

7 course, the Court must assume for the present purpose that Plaintiff's factual allegations

8 are true.  *See Cahill*, 80 F.3d at 337.

9 **CONCLUSION**

10        Based on the foregoing, the Court **DENIES** Defendant Pacheco's motion to

11 dismiss Plaintiff's Fourteenth Amendment claim.

12     **IT IS SO ORDERED**.

13 DATE: June 24, 2020                      

14                          HON. MICHAEL M. ANELLO
                           United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5