# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAMAR PRESSLEY,<br><br>                              Plaintiff,<br><br>  vs.<br><br>M. PACHECO,<br><br>                              Defendant. | Case No. 17cv1715-MMA (MDD)<br><br>**ORDER GRANTING DEFENDANT PACHECO'S UNOPPOSED MOTION FOR TERMINATING SANCTIONS**<br><br>[Doc. No. 71] |

Plaintiff Michael Lamar Pressley, a former California inmate proceeding *pro se*, alleges violations of his Eighth and Fourteenth Amendment rights by Defendant M. Pacheco. *See* Doc. No. 41. Defendant moves for terminating sanctions pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rules 83.1 and 83.11. *See* Doc. No. 71. In the alternative, Defendant requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41 and Civil Local Rule 41.1 based on Plaintiff's failure to litigate. To date, Plaintiff has not filed a response to Defendant's motion and the time in which to do so has expired. *See generally* CIVLR 7.1.e; *see also* Doc. No. 74. The Court took the matter under submission without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 75. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

# BACKGROUND

This action originally arose out of events occurring on April 13, 2017 during Plaintiff's temporary detention at the San Diego County Sheriff Department's George Bailey Detention Facility.  Plaintiff alleges he was a "convicted parolee serving an [sic] violation on the Fourth Floor" and a "pretrial detainee, not yet convicted of the charge" for which he was later incarcerated.  Doc. No. 41 at 3.[1]  Plaintiff contends Defendant "pepper sprayed" him without provocation and despite knowing that Plaintiff is allergic to the chemical agent contained in pepper spray.  *Id*. at 5.  Plaintiff further alleges that Defendant cut off the water in his cell so that he could not rinse off the chemical agent, cuffed him, slammed his head into the concrete floor, slammed his head into the wall, and then dropped Plaintiff on the floor.  Plaintiff alleges that he was in a coma for six days.  Based on these allegations, Plaintiff brought excessive force claims against Defendant pursuant to the Eighth and Fourteenth Amendments.

Plaintiff initiated this action *pro se* in August 2017 while incarcerated.  *See* Doc. No. 1.  In April 2018, Plaintiff filed an amended complaint and requested an amended summons.  *See* Doc. No. 14.  After ten months, Plaintiff had not served the amended complaint and summons on Defendant.  Accordingly, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to effectuate service pursuant to Federal Rule of Civil Procedure 4(m).  *See* Doc. No. 15.  Plaintiff responded to the Court's order and demonstrated good cause for his failure to serve the amended complaint and summons.  *See* Doc. No. 16.  The Court extended the time to complete service and Plaintiff successfully served Defendant on June 23, 2019, nearly two years after initiating this action.  *See* Doc. No. 19.

On February 24, 2020, Plaintiff filed a Second Amended Complaint against Defendant.  *See* Doc. No. 41.  Discovery formally commenced in July 2020.  *See* Doc.

---

[1] Pinpoint citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

No. 53.  Plaintiff was released from prison shortly thereafter and briefly retained counsel to represent him in this action.  *See* Doc. Nos. 56, 57.  Counsel withdrew with the Court's permission within several weeks of entering an appearance on Plaintiff's behalf.  *See* Doc. Nos. 60, 61.  Plaintiff did not retain new counsel, despite claiming to do so, and has represented himself in this action since August 2020.

Meanwhile, Plaintiff has thwarted Defendant's attempts to depose him on two separate occasions, employing various histrionics in order to do so.  *See* Doc. No. 71-2, Martin Decl. ¶¶ 13-16; 22-30.  For example, during the first aborted deposition, Plaintiff falsely claimed to be represented by new counsel; in lieu of answering substantive questions, he claimed to be suffering from a fever, a potential panic attack, and "auras."  *Id*. ¶¶ 13-15.  After defense counsel halted the deposition and excused the court reporter, Plaintiff stated he was "'fine' and ceased to demonstrate or profess any of the symptoms that he had previously been claiming."  *Id*. ¶ 16.  During the second deposition attempt, Plaintiff claimed to be suffering from chest pains.  *Id*. ¶ 25.  An ambulance arrived and paramedics prepared to transport Plaintiff to the hospital; however, "after the court reporter and videographer were breaking down their equipment and Plaintiff was informed the deposition would be cancelled, Plaintiff began to refuse medical interventions offered by the paramedics . . . Plaintiff refused to be transported to the hospital for evaluation and stated he was 'fine.'"  *Id*. ¶ 28.  Additionally, Plaintiff has otherwise declined to participate in discovery since his release from incarceration.  *See id*. at ¶ 41.

Based on these events, Defendant moves for terminating sanctions pursuant to Federal Rule of Civil Procedure 37and Civil Local Rules 83.1 and 83.11.  *See* Doc. No. 71.  Defendant also seeks monetary sanctions, including the costs associated with both futile deposition attempts, and the attorney's fees incurred in bringing this motion.  *See id*. at 19-20.

On January 21, 2021, Plaintiff filed a Notice of Change of Address; shortly thereafter, Defendant successfully served Plaintiff with a copy of the instant motion at his

new address. *See* Doc. No. 74. To date, Plaintiff has not filed a response to Defendant's motion or requested an extension of time in which to do so.

## LEGAL STANDARD

### 1. Unopposed Motions

As set forth in this District's Civil Local Rules, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CIVLR 7.1.f.3.c. The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). As such, courts in this District have the option of granting a party's motion seeking dismissal of an action on the basis of the opposing party's failure to respond.

### 2. Terminating Discovery Sanctions

Federal Rule of Civil Procedure 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice. Absent a protective order or an order staying the deposition, the party to be deposed is required to appear for and participate in a properly noticed deposition. *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976). Failure to do so will result in the imposition of sanctions; one such sanction is dismissal. *See* Fed. R. Civ. P. 37(b)(2)(A)(v),(d)(3). To justify terminating sanctions, the court must find that the discovery violations were due to "willfulness, bad faith, or fault of the party." *Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 770-71 (9th Cir. 1995) (citations and internal quotations omitted). In evaluating the propriety of sanctions, the court considers "all incidents of a party's misconduct." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) (citation omitted).

Courts must keep in mind that "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). As such, circumstances must "overcome the strong policy favoring disposition of

cases on their merits" to justify terminating sanctions. *United States for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir. 1988). Courts must consider the following factors prior to imposing terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks and citations omitted).

## DISCUSSION

As an initial matter, the Court has the option of granting Defendant's motion based on Plaintiff's failure to oppose or otherwise respond to the motion. *See* CivLR 7.1.f.3.c; *see also* CivLR 41.1.b. Generally, however, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). This policy lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes or completely prevents progress in that direction. *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). In any event, although the Court may grant Defendant's motion as unopposed, the Court has reviewed the record and finds that dismissal of this action is warranted pursuant to Federal Rule of Civil Procedure 37.

Defense counsel has submitted a detailed account of the facts and circumstances surrounding Plaintiff's repeated failure to cooperate in his own deposition. *See generally* Doc. No. 71-2, Martin Decl. Upon review, the Court finds that Plaintiff acted willfully and in bad faith and therefore sanctions are appropriate.

Defendant requests the Court sanction Plaintiff by dismissing his claims with prejudice. The Court finds that the relevant factors weigh in favor of Defendant's request. With respect to the first two factors, another district court in this Circuit has aptly explained that "[a]llowing an action to continue when one party fails to cooperate in discovery does not promote the public's interest in expeditious resolution in litigation.

The court's need to manage its docket is also undermined by the repeated refusal of a party to cooperate in discovery." *Randall v. McDonald*, No. 2: 09-cv-2765 KJM KJN P, 4 (E.D. Cal. Jul. 27, 2012) (imposing terminating sanctions in a case where the plaintiff refused to cooperate in the discovery process including his own deposition).

The third factor also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Defendant avers that Plaintiff's failure to provide "deposition testimony precludes Defendant from completion of critical discovery related to issues of liability and damages." Doc. No. 71-1 at 17. In turn, "[t]his compromises Defendant's right to meaningfully cross-examine the Plaintiff and places into question Plaintiff's ability to provide any meaningful testimony at the time of trial." *Id*. As with most constitutional claims, Plaintiff's claims are fact-intensive and require full development of the record. Critical to that development is Plaintiff's own testimony regarding the events in question and the injuries sustained. The Court agrees with Defendant that Plaintiff's conduct, particularly his unwillingness to be deposed, has significantly impaired Defendant's ability to defend himself against Plaintiff's claims.

As is always the case, the fourth factor – preference for disposition of a case on its merits – weighs against dismissal. With respect to the final factor, the Court acknowledges that it "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981)). Upon due consideration, the Court finds that while there are *possible* alternatives to dismissal of this action, Plaintiff has left the Court without a *meaningful* alternative. Plaintiff's failure to comply with his obligation to participate in his own deposition – on two occasions, in an apparently deceitful and obstreperous manner – combined with his repeated failures over the course of this litigation to prosecute the action consistently, to abide by the Court's briefing schedules,

to produce discovery as required, or to defend against the instant motion, makes dismissal the appropriate sanction for Plaintiff's conduct.[2]  In sum, "[P]laintiff has exhibited disregard for the litigation he commenced and the orderly processes of this Court" such that "he has demonstrated the requisite willfulness and fault . . . [and] no lesser sanction [than dismissal] would be effective or suitable . . .." W*right v. Maritime Overseas Corp.*, 96 F.R.D. 686, 688 (N.D. Cal. 1983).

Defendant also moves for the imposition of monetary sanctions and an award of the attorney's fees incurred in bringing the instant motion.  The Court must impose monetary sanctions against Plaintiff "in addition to" terminating sanctions, as well as order Plaintiff to pay Defendant's reasonable fees and expenses, unless the Court finds that "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(A)(5)(a)(iii), (d)(3).  Here, the Court finds that a monetary penalty of any sort would be unjust.  Plaintiff has conducted himself improperly, with abject disregard for his own best interest and disrespect for the opposing party and the Court.  Accordingly, he has incurred the ultimate sanction in civil litigation – dismissal of his claims.  Any further sanction would be gratuitous, and an award of expenses would likely be unduly financially burdensome in light of Plaintiff's recent incarcerated status.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Pacheco's motion for terminating sanctions and **DISMISSES** this action in its entirety with prejudice.  The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: February 23, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[2] Moreover, Plaintiff's status as a self-represented litigant provides no justification entitling him to relief from this sanction, as it is well-established in this Circuit that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).